IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| Harshal Dear, | : | Case No. 24-10449 |
| Debtor. | : | |

FILED MAY 28 2024 TIMOTHY McGRATH

## MOTION TO COMPEL TRUSTEE TO PERFORM DUTIES OR IN THE ALTERNATIVE A MOTION FOR REMOVAL OF TRUSTEE

COMES NOW, the Debtor, Harshal Dear ("Movant" or "Beneficiary"), respectfully moves this honorable Court pursuant 20 Pa. C.S. § 7781 to enter and order compelling the trustee assigned to Ms. Dear's bankruptcy case, Lynn Feldman to perform her duties as a trustee immediately, or in the alternative to enter and order removing the current trustee and appointing another. In support of her motion, Ms. Dear states the following:

1. On February 9, 2024, Ms. Harshal Dear filed for Chapter 7 bankruptcy.

2. As part of the administrative and judicial process, the Court assigned a trustee, Lynn E. Feldman, ("Trustee") to the Beneficiary so to liquidate assets and ensure that Ms. Dear's creditors will be paid. Trustee has retained and is represented by counsel, Howard Gershman ("Mr. Gershman").

3. For several weeks, the Beneficiary has attempted to speak with Trustee in order to facility the Trustee in the execution of her duties but received no meaningful response.

4. The Beneficiary is currently involved in a pending divorce action with her spouse, Joshua Dear ("Mr. Dear"), and there are issues of equitable division of marital assets as part of the divorce.

1

5. The Court issued an order (hereto attached as **Exhibit A**) allow the Trustee to participate in a limited capacity of the Beneficiary's divorce action to include "equitable distribution and negotiations."

## ARGUMENT

**Trustee Is In Breach of Her Duties**

When Trustee, Lynn Feldman, accepted the Court's assignment to act as the trustee in Ms. Dear case she then accepted and took on duties associated with this role. This includes that a "trustee shall administer the trust solely in the interests of the beneficiaries." 20 Pa. C.S. § 7772 In this matter, the beneficiary, Ms. Dear, has not had her interests met or properly addressed by Trustee. Though the Trustee has authority over Ms. Dear's assets, the Trustee still has not begun to make payments the Ms. Dear's creditors to resolve her outstanding debt. Initially, Trustee's communication with Beneficiary's husband's attorney in a letter was focused ensuring that Mr. Dear did not delay selling of the marital home, and fully disclosed all other assets subject to division as part of the pending divorce (*See* **Exhibit B**). However, during the April 26th, 2024 settlement conference attended by the Trustee's counsel and several of the Beneficiary's creditors. During this conference, Mr. Gershman made representations contrary to his letter, but in fact made it clear that the Trustee had conceded to Mr. Dear's unreasonable requests in delaying or abandoning the liquidation of marital assets. It is the clear and has been established by law that the Trustee's primary duty is to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). Yet, allowing Mr. Dear to delay liquidation of assets, to refuse or delay a full disclosure are not a responsible or appropriate exercise by Trustee of her duties.

2

Next, Trustee in her reversal on her position as it relates to the marital assets of the Beneficiary and Mr. Dear without informing the Beneficiary of this new position evidence that the Trust failed to perform her duties as prescribed and mandated in 11 U.S.C. § 704 ("investigate the financial affairs of the debtor"). It is clear in the Trustee's letter to Mr. Dear and his counsel, that there is a suspicion that Mr. Dear was intentionally withholding information about assets and their value from his wife (the Beneficiary) and quite likely has dissipated marital assets to third parties or untraceable accounts. However, without any satisfaction of information or agreement to waive the requirement of disclosure or further investigation of these matters, Trustee has seemingly absolved Mr. Dear of his obligations and left the Beneficiary with no options or assets to which to pay her creditors.

**Trustee Has Created A Conflict of Interest to the Detriment of Beneficiary**

It is evident that based on Mr. Gershman's statements and representation made that the April 26th settlement conference he entered into an agreement with Mr. Dear that the Beneficiary was not privy to or had given her consent. Specifically, these negotiations and agreements are contrary to the Beneficiary's interests and desires, creating a clear conflict of interest. In fact, the Trustee approached the Beneficiary and attempted to convince her to accept a less than just and equitable divorce and child custody settlement agreement though the Trustee's authority and concern did not extend to matters of support and custody. The Trustee's actions have left the Beneficiary at a legal disadvantage, unable to resolve her outstanding debts in a timely and efficient manner, and with a wariness and lack of confidence in the Trustee which is essential for the Beneficiary and Trustee relationship to be successful and productive.

WHEREFORE the Movant respectfully requests that the Court enter an order compelling the Trustee:

1. To take those actions required to expedite the sale of the residence located at 1104 Bordley Lane, West Chester, PA 19382, or demand a payout of one-half the property's equity in order to resolve Beneficiary's debts,

2. Take those actions required for the liquidation of cryptocurrency assets held and disclosed by Joshua Dear, and mandate that the Beneficiary's equitable distribution be no less than one-half of the $191,520 or the current value, whichever is greater, and

3. Cancel any agreements of negotiations that Trustee has made without the consent and/or knowledge of Beneficiary.

Or in the alternative, dismiss Trustee, Lynn Feldman from this matter and assign a new trustee to the Movant who can move forward with performing the necessary duties and actions needed to resolve this bankruptcy in an appropriate and timely manner.

DATED: May 28th, 2024

Respectfully Submitted,

By: _____
Harshal Dear
134 Plymouth Road, Unit 4208
Plymouth Meeting, PA 19462
860-754-7795
harshal.a.dear@gmail.com

## VERIFICATION

I, **Harshal Dear**, declare under penalty of perjury under the law of Pennsylvania that the foregoing is true and correct.

STATE OF PENNSYLVANIA
COUNTY OF _Montgomery_

Sworn to or affirmed and signed before me on _May 28th 2024_ by **Harshal Dear.**

_____
NOTARY PUBLIC or DEPUTY CLERK
My Commission Expires: _____

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of _____ 2024 a copy of the foregoing *Motion To Compel Trustee To Perform Duties Or In The Alternative A Motion For Removal Of Trustee* was served this day by depositing the same in the United States mail addressed to:

**Howard Gershman, Esq.**
P.O. Box 245
Ft. Washington, PA 19034
Telephone: 215.886.1120
Facsimile: 215.515.0788
howard@gershman-law.com
*Counsel for Trustee*

**Lynn E. Feldman**
2310 Walbert Ave. Ste 103
Allentown, PA 18104
610-530-9285
trustee.feldman@rcn.com

DATED: _May 28th_, 2024

By: _____
Harshal Dear
134 Plymouth Road, Unit 4208
Plymouth Meeting, PA 19462
860-754-7795
harshal.a.dear@gmail.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May 2024 a copy of the foregoing *Motion To Compel Trustee To Perform Duties Or In The Alternative A Motion For Removal Of Trustee* was served this day by depositing the same in the United States mail addressed to:

Howard Gershman, Esq.
P.O. Box 245
Ft. Washington, PA 19034
Telephone: 215.886.1120
Facsimile: 215.515.0788
howard@gershman-law.com
*Counsel for Trustee*

Lynn E. Feldman
2310 Walbert Ave. Ste 103
Allentown, PA 18104
610-530-9285
trustee.feldman@rcn.com

DATED: May 28th, 2024

By: _____
Harshal Dear
134 Plymouth Road, Unit 4208
Plymouth Meeting, PA 19462
860-754-7795
harshal.a.dear@gmail.com