UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

HARSHAL DEAR                                    NO. 24-10449 AMC
                                                CHAPTER 7

TRUSTEE'S MOTION FOR PROTECTIVE ORDER
FRCP 2004, 7026/FRCP 26(c), 9018

NOW, comes Trustee, Lynn E. Feldman, with a Motion for a Protective Order, assigning the following reasons:

1. On August 30, 2024, Trustee's undersigned Counsel received an email from Debtor's counsel, Vicki Piontek, Esquire, labeled:

***DISCOVERY REQUESTS IN THE MATTER OF HARSHAL DEAR V. TRUSTEE LYNN FELDMAN, 24-10449.***  (There is no action or matter so specifically designated.)

containing three (3) "Discovery Requests: namely:   a) Interrogatories to Trustee ("Interrogatories"), b) Request for Production of Documents to Trustee ("Document Request") and c) Request for Admissions directed to "Claimant" ("Admissions Request") [Hard copies were received September 3, 2024.]

Copies of the Discovery Requests are attached hereto as Exhibits.

2. "Claimant" is unidentified and the Trustee is thus under no obligation to respond to the Admissions Request. Nonetheless, the objections and request for protective order apply to all three of the Discovery Requests.

3. Insofar as the Discovery Requests do not refer to an Adversary case nor to any motion pending before the Court, tendering the Discovery Requests is a violation of FRBP 2004(a) which requires prior court approval to seek discovery and examination of any persons.

4. The Discovery Requests are:

a. Overly broad and burdensome, particularly as Debtor's counsel (and in some cases Debtor herself) has been routinely provided copies and participation in all non-confidential information and communication to and from Trustee and her counsel, including the terms and copies of any offers from Mr Joshua Dear ("Husband");

b. The requests are designed for the purpose of causing annoyance and

embarrassment of Trustee's administration of the bankruptcy estate;

  c. The requests for "all" communications seeks disclosure of privileged communications between Trustee and her Counsel, as well as Trustee's and Counsel's attorney work product-- See FRCP 9018.

  d. The demand for, and the claim of any right to, any of the requested information is based upon multiple false premises, including but not limited, to:

   i. Trustee and Counsel are obligated to advance her personal interests beyond the interests needed to administer the Estate;
   ii. Debtor is entitled to participate, control and/or direct Trustee's administration of the Bankruptcy Estate.
   iii. Debtor's fantastical, defamatory, and libelous suggestion that Trustee is engaged in secretive discussions with her estranged husband or even his family.[1]  See, FRCP 9018

WHEREFORE, Trustee Lynn E Feldman, prays this Honorable Court to enter an Order directing that the Discovery Requests are inappropriate and she is not obligated to respond to the same, as well as for such other relief as is just and equitable.

Date: September 23, 2024

GERSHMAN LAW OFFICES PC

_____
Howard Gershman
P.O. Box 245
Ft. Washington, PA 19034
215.886.1120
howard@gershman-law.com

---

[1] In her *pro se* "Reply to Trustee's Response to Motion for Equitable Relief [Doc.105- "Argument"] Debtor suggests that simply negotiating with Mr Dear constitutes participation in illegal "money laundering" and is a "solicitation of a bribe".