UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| HARSHAL DEAR | : | |
| Debtor(s) | : | |
| | : | |
| | : | Bankruptcy No. 24-10449 AMC |

**STANDING TRUSTEE'S MOTION TO RECONVERT CASE
TO CHAPTER 7 PURSUANT TO 11 U.S.C. SECTION 1307**

Kenneth West, Esquire, Chapter 13 standing trustee, files this Motion to Reconvert Case to Chapter 7 Pursuant to 11 U.S.C. Section 1307 and in support thereof represents as follows:

1. This case was commenced by the filing of a Chapter 7 Petition on February 9, 2024, by Harshal Dear ("debtor").

2. Lynn E. Feldman was appointed as the Chapter 7 trustee ("Chapter 7 trustee") on February 13, 2024, the meeting of creditors was held on April 26, 2024.

3. The Chapter 7 trustee filed a notice of change from no-asset case to asset case on March 7, 2024.

4. On November 14, 2024, a Discharge Order was entered.

5. Debtor filed a motion to convert the case to one under Chapter 13 on March 18, 2025.

6. An Order granting debtor's motion to convert the case to a Chapter 13 proceeding was entered and the trustee filed a notice of change from no-asset case to asset case on May 2, 2025.

7. Kenneth E. West was assigned as the Chapter 13 trustee ("Chapter 13 trustee") on May 4, 2025, the meeting of creditors was held on July 25, 2025.

8. Debtor appears to seek an ability to litigate and/or collect certain assets, which are allegedly due debtor, resulting from a domestic relations matter to fund her Chapter 13 plan.

9. Debtor has already received a Chapter 7 discharge of all her general unsecured debts.

10. Debtor has no right to force a sale of jointly held property in a Chapter 13 case. The power to do so only rests with a Chapter 13 Trustee - See 11 USC 363(h) and 11 USC 1303.

11. The purpose of bankruptcy is not to divide marital property, but rather to discharge debt.

12. Certainly, the collection and liquidation of assets of the estate and thereafter, distribution of those proceeds to creditors are within the purview of the Chapter 7 Trustee.

Wherefore, Kenneth West, Esquire, Chapter 13 standing trustee, respectfully requests that an Order be entered reconverting this case to Chapter 7.

Date: September 17, 2025

*Kenneth E. West, Esquire*
Chapter 13 Standing Trustee
190 N. Independence Mall West
 Suite 701
Philadelphia, PA 19106
KWest@ph13trustee.com