UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In RE: Harshal Dear	:	Chapter 13

             Debtor	:

             	:	24-10449

Kenneth West, Chapter 13 Trustee,
      Movant	:
v.
Harshal Dear,	:
      Respondent	:

**DEBTOR'S RESPONSE IN OPPOSITION TO CHAPTER 13
TRUSTEE'S MOTION TO RECONVERT CASE TO CHAPTER 7**

**1. This case was commenced by the filing of a Chapter 7 Petition on February 9, 2024, by Harshal Dear ("debtor").**

Admitted

**2. Lynn E. Feldman was appointed as the Chapter 7 trustee ("Chapter 7 trustee") on February 13, 2024, the meeting of creditors was held on April 26, 2024.**

Admitted.

**3. The Chapter 7 trustee filed a notice of change from no-asset case to asset case on March 7, 2024.**

Admitted.

**4. On November 14, 2024, a Discharge Order was entered.**

Admitted.

**5. Debtor filed a motion to convert the case to one under Chapter 13 on March 18, 2025.**

Admitted.

**6. An Order granting debtor's motion to convert the case to a Chapter 13 proceeding was entered and the trustee filed a notice of change from no-asset case to asset case on May 2, 2025.**

Admitted.

**7. Kenneth E. West was assigned as the Chapter 13 trustee ("Chapter 13 trustee") on May 4, 2025.**

Admitted.

**8. Debtor appears to seek an ability to litigate and/or collect certain assets, which are allegedly due debtor, resulting from a domestic relations matter to fund her Chapter 13 plan.**

Admitted.

**9. Debtor has already received a Chapter 7 discharge of all her general unsecured debts.**

Admitted.

**10. Debtor has no right to force a sale of jointly held property in a Chapter 13 case. The power to do so only rests with a Chapter 13 Trustee - See 11 USC 363(h) and 11 USC 1303.**

States legal and factual conclusions.

**11. The purpose of bankruptcy is not to divide marital property, but rather to discharge debt.**

States legal and factual conclusions.

**12. Certainly, the collection and liquidation of assets of the estate and thereafter, distribution of those proceeds to creditors are within the purview of the Chapter 7 Trustee.**

Admitted.

## New Matter

13. The previous Paragraphs are incorporated by reference.

14. This is an asset driven Chapter 13 bankruptcy. The main asset would be Debtor's interest in the marital home.

15. An additional asset would be Debtor's interest in certain cryptocurrencies that Debtor believes and avers were liquidated fraudulently by her estranged husband.

16. Debtor incorporates by reference certain motions that she has filed in this case that deal with the discovery of the potential asset involving the said cryptocurrency.

17. Until has a chance to engage in some reasonable discovery to determine what additional assets exist, it is premature to convert Debtor's case back to a Chapter 7.

/s/ Vicki Piontek            9-19-2025
_____  _____
Vicki Piontek, Esquire        Date
58 East Front Street
Danville, PA 17821
215-290-6444
vicki.piontek@gmail.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In RE:  Harshal Dear					:	Chapter 13

                    Debtor			:

                                :	24-10449

Kenneth West, Chapter 13 Trustee,
                    Movant			:
v.
Harshal Dear,					:
                    Respondent		:

**Certificate of Service**

I Vicki Piontek affirm that I emailed a true and correct copy of the attached response to the chapter 13 trustee at kwest@ph13trustee.com


/s/ Vicki Piontek		9-19-2025
_____  _____
Vicki Piontek, Esquire	Date
58 East Front Street
Danville, PA 17821
215-290-6444
vicki.piontek@gmail.com